Chris Valles, F-85004
Avenal State Prison, 410-11-71-Low
P.O. Box 9
Avenal, CA 93204

IN PROPRIA PERSONA    **E-filing**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**VRW**

CHRIS VALLES,                              Case No. _____ **(PR)**
          Movant,

     v.                               EX PARTE MOTION FOR A REQUEST FOR
                                      A THREE JUDGE COURT AND ISSUANCE
ARNOLD SCHWARZENEGGER, et al.,        OF A PRISONER RELEASE ORDER AND
                   Respondent.        TO JOIN THIS MOTION ONTO THE
                                      ALREADY EXISTING COLEMAN/PLATA/
                                      ARMSTRONG ACTIONS ALREADY BEFORE
                                      A THREE JUDGE COURT

## INTRODUCTION

Movant, Chris Valles, hereby respectfully requests this Honorable
Court grant movant a request to be heard by a three judge court in
determining the outcome of this ex parte motion. Movant also requests
the three judge court examine movant's allegations and reasonings for a
prisoner release order issued to the California Department of Correct-
ions and Rehabilitation (hereinafter "CDCR") and release movant from
CDCR's custody based upon movant's allegations of all California
prisons being overcrowded to the point of being cruel and unusual
punishment.

## STATEMENT OF FACTS

Movant, a prisoner at Avenal State Prison (hereinafter "ASP"),
alleges a violation of his Eighth Amendment rights under the Untied
States Constitution; that being, cruel and unusual punishment due to the
severity of prison overcrowding. Because of the severity of prison
overcrowding, movant is being unnecessarily exposed to harmful,

1

1  infectious communicable diseases, unsanitary conditions, below minimum

2  standards of medical, dental, and mental health treatment, plus living

3  conditions which present a danger to movant's personal safety due to

4  increasing prisoner violence against other prisoners.

5       Movant hereby alleges that the severity of prison overcrowding

6  has reached crisis proportions to the extent whereby it has become cruel

7  and unusual punishment as movant will demonstrate:

8       1. The severity of overcrowding interferes with the following:

9            a. Minimum amounts of medical, dental, and mental health
              treatment.

10

11           b. Movant's right to be free of unsanitary living conditions.

12           c. Movant's right to be free from dangerous and harmful
              communicable diseases. And,

13           d. Movant's right to have a reasonable amount of personal
              safety from violence from other prisoners.

14

15       2. In his May 15, 2007 Receiver's Report, re: "Overcrowding,"

16  No. C01-1351-T.E.H., page 30, lines 10-15; 18-25, Mr. Robert Sillen

17  stated to the Court, the following:

18           "As reported in the Fourth Bi-Monthly Report, over-
         crowding has increased the number and seriousness of infec-
19       tious and communicable diseases, jeopardizing prisoners,
         staff, and the public. Thus far system wide outbreaks have
20       been avoided, however, given the number of prisoners, con-
         ditions in gyms and hallways converted to housing units,
21       the velocity of prisoners' movement between institutions
         and in and out of the CDCR itself, the risk of such an out-
22       break cannot be underestimated.
             "Many CDCR prisons are unable to sustain the basic
23       delivery of medical, mental health, and dental services
         because of limited staffing (clinical and custody) and an
24       overwhelming number of prisoners/patients who require care.
         Every day, many California prison wardens and health care
25       managers make the difficult decisions as to which of the
         class actions, Coleman, Perez, Armstrong, or Plata they will
26       fail to comply with because of staff shortages and patient
         loads. This in turn creates crisis conditions (as described
27       in the Fourth Bi-Monthly Report concerning Avenal State
         Prison) which, because it requires immediate attention,
28       diverts the Receiver's resources from Plan of Action related
         activities."

                                    2

1                               ANALYSIS

2   Standards. Section 3626(a)(3)(C) of Title 18 of the United States Code

3   authorizes a party to a civil action concerning prison conditions to

4   file a request such as this for a prisoner release order. As defined, by

5   the statute, a prisoner release order "includes any order, including a

6   temporary restraining order or preliminary injunctive relief, that has

7   the purpose or effect of reducing or limiting the prison population, or

8   that directs the release from or nonadmission of prisoners to prison."

9   18 U.S.C. section 3626(a)(3)(B). A request for a prisoner release order

10  must be accompanied by a request for a three judge court and "materials

11  sufficient to demonstrate that" the statutory requirements for issuance

12  of such an order have been met. 18 U.S.C. section 3626(a)(3)(C).

13          A prisoner release order may not be issued unless--

14          (i) a court has previously entered an order for less intrusive
                relief that has failed to remedy the deprivation of the federal
15              right sought to be remedied through the prisoner release order;
                and
16
            (ii) the defendant has had a reasonable amount of time to comply
17               with the previous court orders.

18  18 U.S.C. section 3626(a)(3)(A)(i)-(ii). If these requirements are met,

19  "a Federal Judge before whom a civil action with respect to prison

20  conditions is pending who believes that a prison release order should be

21  considered may sua sponte request the convening of a three judge court

22  to determine whether a prisoner release order should be entered." 18

23  U.S.C. sections 3626(a)(3)(D). The three judge court "shall enter a

24  prisoner release order only if the court finds by clear and convincing

25  evidence that--

26          (i) crowding is the primary cause of the violation of the Federal
27              right; and

28          (ii) no other relief will remedy the violation of the Federal

                                    3

1          right.

2   18 U.S.C. 3626(a)(3)(E).

3   The Federal Right Sought to be Remedied.

4          The Federal right at issue is the Eighth Amendment guarantee of
5   constitutionally adequate mental health care, medical care and treatment,
6   dental treatment which would meet adequate standards, and personal safety
7   for prisoners who are incarcerated in the California Department of
8   Corrections and Rehabilitation. Prison overcrowding is also a threat to
9   the welfare of prison staff and the public.... See Coleman v. Wilson,
10  912 F.Supp. 1282, 1297-1298 (E.D.Cal. 1995)(citing, inter alia, Farmer
11  v. Brennan, 511 U.S. 825, 832 (1994) and Helling v. McKinney, 509 U.S.
12  25, 31-32 (1993).

13                         REQUEST FOR RELIEF

14         WHEREFORE, movant, Chris Valles, respectfully requests this
15  Honorable Court issue to the CDCR a prisoner release order pursuant to
16  the Prison Litigation Reform Act, section 3626(a)(3) dealing with three
17  judge courts ordering prisoner release orders. For the following reasons
18  listed below, movant would not be a threat to public safety:

19             1. Movant, Chris Valles is forty-one (41) years of age and has
                  never been incarcerated in any state or federal institution
20                before.

21             2. Movant has permanent medical issues which require him to use a
                  cane for ambulatory purposes.
22
               3. The recidivism percentage rate (17.19%) for the movant's type
23                of crime is the second lowest of all crimes.

24             4. Movant will voluntarily agree to be placed under house arrest
                  and wear a monitoring device for the remainder of his sentence.
25
               5. Movant will, of his own free will, agree to abide with any and
26                all other court orders and/or terms and/or stipulations that
                  this Honorable Court deems fit, proper, and fair.
27

28  /////

                                    4

1                               VERIFICATION

2        I, Chris Valles, declare that I am the Movant in this motion. I

3   certify that I am over the  age of eighteen (18) years of age and am

4   incarcerated in a state prison in Avenal, California, at Avenal State

5   Prison.

6        I further declare under penalty of perjury under the laws of the

7   State of California that all of the above is true and correct in its

8   entirety and that this document was prepared, signed and dated at Avenal

9   State Prison, in Avenal, California.

10

11  Dated: _5-13-08_                              _____
                                                      Chris Valles, Movant
12

13  /////

14  /////

15  /////

16  /////

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

                                     5

Mr. Chris Valles, F-85004
Avenal State Prison, 410-11-71-Low
P.O. Box 9
Avenal, CA 93204


Dear Honorable Court Clerk:
    I am sending this Honorable Court a motion and request for a three
judge court and requesting that Court to issue a prisoner release order
as per 18 U.S.C. section 3626(a), which includes one (1) ORIGINAL and
one (1) TRUE COPY.
    Please officially File date stamp the Copy for my records and
return it to me in the SASE I have included in the envelope. Thank you
very much for your busy and valuable time.

                                              Sincerely,

Dated:  5-13-08                                    Chris Valles

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT:

ENTITLED: Ex Parte Motion for A Request for A Three Judge Court and Issuance
of A prisoner Release Order and To Join this motion on to The already
Existing Coleman / plata / Armstrong Actions Already Before A Three Judge Count

BY PLACING THE SAME IN AN ENVELPOE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [UNITED STATE MAIL] AT AVENAL STATE PRISON AND ADDRESSED IT TO THE

FOLLOWING: Office of the Clerk
Northern District Court
for the State of California
U.S. Courthouse
450 Golden Gate Ave
San Francisco Ca 94102-3483

EXECUTED ON May 12, 2008 AT AVENAL STATE PRISON, AVENAL, CALIFORNIA

I, Chris T. Lynch DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW
OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_____
SIGNATURE OF DECLARANT

Chris T. Lynch P-50302
PRINT NAME OF DECLARANT

PRO PER.

## VERIFICATION

I am the petitioner in this action. The forgoing Petition For Writ of Habeas Corpus and the facts stated therein are true and correct to the best of my knowledge.  As for matters that are therein stated other than my own, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at California State Prison- Avenal, # 1 King Road, Avenal, Ca. 93204, and placed in the U.S. mail on _5 / 13 / 2008_.

Petitioner

State of California                                      California Department of Corrections and Rehabilitation

# Memorandum

Date    :   August 3, 2006



To      :   Health Care Managers
            Wardens
            Classification and Parole Representatives
            Correctional Counselor III-Reception Center

Subject  :  **INMATE-PATIENTS AT HIGH RISK OF VALLEY FEVER EXCLUDED FROM SPECIFIC
            CENTRAL VALLEY INSTITUTIONS**

In calendar year 2005, two San Joaquin Valley institutions identified significant increases in
the number of inmate-patients presenting with illness caused by the Coccidiomycosis
(Valley Fever) organism with four inmate-patient deaths attributed to this disease. The
California Department of Health Services (DHS) worked with California Department of
Corrections and Rehabilitation (CDCR) staff in analyzing the problem and in assisting
CDCR in designing an approach to mitigate the effects of this organism found in the
environment.

This approach includes identifying those inmate-patients most susceptible to developing
this infection and implementing strategies to prevent these susceptible inmate-patients from
being housed in the endemic area. Movement of these inmate-patients shall begin
immediately. Further clarifying information regarding HIV/SHU inmates will be provided in
a separate memorandum shortly. The endemic area includes the following institutions:

Avenal State Prison
California Correctional Institution
California State Prison-Corcoran
California Substance Abuse Treatment Facility and State Prison at Corcoran
Kern Valley State Prison
North Kern State Prison
Pleasant Valley State Prison
Wasco State Prison

* However, the Central California Women's Facility and Valley State Prison for Women,
which are on the border of the endemic area, have not had any reported cases of Valley
Fever. If in the future, cases of Valley Fever are found at these institutions, they may be
added to the list of institutions within the endemic area.

Based on DHS recommendations we are implementing the following plan which includes:

1.  Identification of susceptible inmate-patients in the institutions located in the endemic
    area.
2.  Transfer of the identified inmate-patients out of the endemic area.
3.  Methodology as part of the Reception Center Intrasystem transfer process that
    includes identification and classification of inmate-patients at the highest risk of
    infection of Valley Fever so that they are not transferred to an institution within the
    endemic area.

Health Care Managers
Wardens
Classification and Parole Representatives
Correctional Counselor III-Reception Center
Page 2

  4. Selected environmental controls consistent with recommendations provided by DHS
     at institutions in the endemic area.

It is imperative that custody, classification, and health care staff closely collaborate to ensure
effective and efficient implementation.

### IMPLEMENTATION PROCEDURES – HEALTH CARE

The following clinical criteria, which define susceptible inmate-patients for morbitity related
to Valley Fever, will be used by health care staff to identify inmate-patients who cannot be
housed at institutions within the endemic area.

  a. HIV infected with a T-cell count less than 250
  b. History of lymphoma
  c. Status post solid organ transplant
  d. Chronic immuno therapy (e.g. severe rheumatoid arthritis)
  e. Chronic lung disease requiring oxygen therapy
  f. Cancer inmate-patient on chemotherapy

The sources used to identify the above inmate-patients include:
  Chronic disease lists
  Pharmacy medication lists
  Nursing input
  Specialty clinic lists
  Return from a higher level of care, i.e., Hospital
  Triage and treatment log

A CDCR physician will review the Unit Health Records (UHR) derived from the above
sources and identify inmate-patients by name and CDCR number who will require transfer
out of the current institution due to being within the endemic area. The physician shall
complete a CDCR Form 128-C, and forward to the Classification and Parole
Representative (C&PR)'s office within three days of the UHR review. The CDCR Form
128-C shall indicate that the inmate-patient, due to environmental conditions (Valley Fever
organism) present at (enter prison name here) and the inmate's current health condition,
must be transferred out of the endemic area. A copy of this CDCR Form 128-C shall be
sent to the C&PR for classification action to be taken with seven days. The inmate-patient
must be endorsed for transfer and the transfer must be expedited.

No later than August 15, 2006, at **ALL INSTITUTIONS,** the Receiving and Release (R&R)
Registered Nurse (RN) SHALL review all transfers out of the institution via the CDCR Form
7343, Advance Transfer Notice and determine if the inmate-patient meets the Valley Fever
susceptibility criteria listed above.    For inmates identified for transfer after the
CDCR Form 7343 has been generated, the records office will ensure that the medical
department is notified of the additional inmates scheduled for transfer. If the answer is
"Yes", the RN shall determine if the inmate-patient is endorsed for transfer to an institution
within the endemic (affected) area. If the answer is "Yes" the RN shall contact the Health





Health Care Managers
Wardens
Classification and Parole Representatives
Correctional Counselor III-Reception Center
Page 4

For difficult to place inmate-patients, (i.e., Bulldogs, Sensitive Needs, wheelchair dependent) a case conference with Health Care Placement Unit, Classification Services Unit, and the sending institution C&PR staff will take place in order to identify an appropriate institution for transfer or potential retention at the current institution if no reasonable alternative can be identified. If retention at the current institution is the decision, the inmate-patient will be provided with environmental safeguards, i.e. protective mask when outside.

## IMPLEMENTATION PROCEUDRES -- ENVIRONMENTAL CONTROLS

Institutions within the endemic area shall implement the DHS recommended environmental controls, including:

1. Continue to provide educational material to medical and custody staff and to inmate-patients regarding Valley Fever disease.
2. Consider planting ground cover or grass on open dirt areas within the prison grounds.
3. When digging, use a protective mask and wet the ground prior to digging.

Thanks you in advance for your compliance. Should you require additional information regarding classification issues, please contact Terri McDonald, Chief, Classification Services Unit, at (916) 323-3660. For questions regarding medical concerns, please contact your respective Regional Medical Director.

JOHN DOVEY
Director
Division of Adult Institutions

cc: Renee Kanan, M.D./M.P.H.
    Regional Administrators-DCHCS
    Susan Odegaard-Turner, RN, Ph.D.
    Scott Kernan
    Janet Rodriguez

PETER FARBER-SZEKRENYI, DR. P.H.
Director
Division of Correctional Health Care Services

Regional Medical Directors
Associate Directors-DAI
Regional Directors of Nursing
Terri McDonald
Tim Rougeux

Health Care Managers
Wardens
Classification and Parole Representatives
Correctional Counselor III-Reception Center
Page 3

Care Manager (HCM) or designee who will place a medical hold on the inmate-patient's transfer.    The R&R RN shall complete a CDCR Form 128-C indicating that due to environmental conditions (Valley Fever organism) present at (enter prison name here) and the inmate's current health condition must be transferred out of the endemic area.  A copy of this CDCR Form 128-C shall be sent to the C&PR for referral to a classification committee for endorsement by the Classification Staff Representative (CSR) to an alternate institution.    The inmate-patient must be endorsed for transfer and the transfer must be expedited.

For inmates arriving at institutions located within the endemic area, the R&R RN shall review new arrivals to determine if they meet the Valley Fever susceptibility criteria.  If the answer is "Yes," the R&R RN shall complete a CDCR Form 128-C indicating that due to environmental conditions (Valley Fever organism) present at (enter prison name here) and the inmate's current health condition, must be transferred out of the endemic area.  A copy of this CDCR Form 128-C shall be sent to the C&PR for referral to a classification committee for endorsement by the CSR to an alternate institution.  The inmate-patient must be endorsed for transfer and the transfer must be expedited.  Additionally, as inmate-patients' health care needs change, i.e. develop the need for oxygen or are prescribed chemotherapy, these inmate-patients are to be referred for transfer out of the endemic area as described above.

**IMPLEMENTATION PROCEDURES – CUSTODY/CLASSIFICATION**

Institution C&PRs within the endemic area are to receive the CDCR Form 128-C chronos within three days of the inmate-patient being identified as meeting the exclusion criteria who must be transferred to an institution outside of the endemic area.  The C&PR is to ensure that the inmate-patient is referred by a classification committee to the CSR for endorsement to an alternate institution.  Every attempt will be made to transfer the inmate-patient within 30 days of the date of the CDCR Form 128-C.  The Health Care Placement Unit is to be notified of any delayed transfers for resolution.

No later than August 15, 2006, all sending institutions C&PRs must be familiar with the list of institutions within the Valley Fever endemic area.  Upon receipt of the CDCR Form 128-C chrono documenting preclusion of endorsement to institutions within the endemic area and medical hold, the C&PRs office shall ensure the case is reviewed immediately by a classification committee for appropriate action.

The CSR staff must be familiar with the list of institutions within the endemic area that must be avoided for these transfers.  Prior to endorsing a case, the CSR shall ensure inmates identified as being susceptible to Valley Fever organism are not endorsed to institutions located in the endemic area.

